E. A. SIMPSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARYBELLE SIMPSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 62015, 62016.   Promulgated June 27, 1933.

*Geo. S. Atkinson, Esq.*, for the petitioners.
*F. B. Schlosser, Esq.*, for the respondent.

558

OPINION.

SMITH: The petitioners contend that:

\* \* \* E. A. Simpson, was an employé, or an officer, of the City of Amarillo; that the compensation paid to him and his law partners was paid by the City of Amarillo in the exercise of essential governmental functions.

There is no provision in the Revenue Act of 1928 comparable to section 1211 of the Revenue Act of 1926, which exempted from the tax imposed by the Revenue Act of 1924 and prior revenue acts the compensation of an officer or employee of a state or political subdivision thereof. See *Leland Powers, Executor*, 26 B.T.A. 1381.

The law firm of which Simpson was a member offered, and the city commission accepted the offer of, its services " for a retainer of $300.00 per month, this to cover all consultations and office matters, but shall not include compensation for litigation in the various courts." The term of the services of the petitioner's law firm was at the pleasure of the city commission, and although an oath of office was prescribed, none was taken by a member of the firm until April 1931. No effort has been made to show the extent to which the compensation received by the law firm related to the exercise of essential governmental functions by the city of Amarillo. The

conduct of the city's legal business was left to the discretion of the members of the law firm. The city of Amarillo procured and retained at the pleasure of the city commission the professional services of the petitioner and his associates, paying therefor the fees charged in addition to the retainer agreed upon for routine services. We are of the opinion that the relationship of attorney and client existed between the law firm and the municipality, and that the compensation for the services rendered by the firm to the municipality is not exempt from Federal taxation. *Walter G. Winne*, 27 B.T.A. 369. See also *Charles M. Haft*, 20 B.T.A. 431; *George H. Gabel*, 25 B.T.A. 60.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

Van Fossan concurs in the result.

Lansdon dissents.

Adams, dissenting: I dissent from the views of the majority in this case. I believe that petitioner was engaged in an essential governmental function and that such income was properly excluded.